1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                           22 Cr. 395 (ER)

5   BRIAN WONG,

6              Defendant.
                                           Plea
7   ------------------------------x

8                                          New York, N.Y.
                                           November 10, 2022
9                                          3:50 p.m.

10  Before:

11
                        HON. EDGARDO RAMOS,
12

13                                         District Judge

14                             APPEARANCES

15  DAMIAN WILLIAMS
            United States Attorney for the
16          Southern District of New York
    BY:  NEGAR TEKEEI
17          Assistant United States Attorney

18  PILLSBURY WINTHROP SHAW PITTMAN LLP
            Attorneys for Defendant
19  BY:  DAVID OLIWENSTEIN
            JOHN VAN SON
20
    Also Present:
21  ^Karina Villafort, U.S. Pretrial Services

22

23

24

25

1          (Case called)

2          THE DEPUTY CLERK:  Will counsel please state their

3   names for the record.

4          MS. TEKEEI:  Good afternoon, your Honor.  Negar Tekeei

5   on behalf of the United States.  And joining me at counsel's

6   table is pretrial services officer ^Karina VilleFort.

7          MR. OLIWENSTEIN:  Good afternoon, your Honor.  David

8   Oliwenstein and John Van Son of Pillsbury Winthrop Shaw Pittman

9   on behalf of Brian Wong.

10         THE COURT:  Good afternoon to you all.  This matter is

11  on for a waiver of indictment.  I note for the record that it

12  is now ten minutes to 4:00.  This matter was supposed to start

13  at 3:30.  Is there a reason why we all weren't here?  I was

14  here, by the way.

15         MS. TEKEEI:  With my apologies, your Honor, in advance

16  of today's proceeding, we had coordinated with the

17  United States Marshals Service to discuss how Mr. Wong would be

18  transported from 500 Pearl, where he was processed by the

19  Marshal's Service interviewed by pretrial services, to this

20  building.

21         There was a misunderstanding in terms of how Mr. Wong

22  was going to be transported.  Our agents were able to transport

23  him here by walking him over just a few minutes ago.  But it

24  had been our intention to have him here well in advance of the

25  proceeding.  It was a last-minute misunderstanding, although we

1   had attempted to coordinate in advance.

2           THE COURT:  And the problem was getting him from 500

3   Pearl which is a three-minute walk here?

4           MS. TEKEEI:  Yes, your Honor.  Mr. Wong

5   self-surrendered this morning to the Federal Bureau of

6   Investigation.  He was processed this morning beginning at

7   approximately 9:30 over here, brought over to 500 Pearl to be

8   processed by the Marshal's Service.

9           He was subsequently interviewed by pretrial services,

10  I believe in the presence of his counsel, although his counsel

11  can correct me if that's not correct.  And then the agents

12  waited with Mr. Wong at pretrial services until it was time to

13  bring Mr. Wong here.

14          And at that point, there was a misunderstanding by the

15  Marshal's Service about how the agents were going to bring

16  Mr. Wong here to 40 Foley.  We attempted to work it out as

17  quickly as we could, your Honor.

18          My apologies.  We did alert the marshals to this in

19  advance of today's proceeding and reminded them this morning.

20  So clearly there were some miscommunications about the

21  transport.

22          THE COURT:  Thank you, Ms. Tekeei.

23          As I'm sure you are well aware, I always start on

24  time.

25          So what are we doing?

1          MS. TEKEEI:  Your Honor, we are here for the filing of

2     an information and a plea proceeding.  We understand the Court

3     has a waiver of indictment before it for Mr. Wong.

4          So it is a waiver of indictment, filing of an

5     information, and a plea proceeding, to be followed by the

6     parties have a proposal for bail conditions for the Court to

7     consider.

8          THE COURT:  Very well.  So let's -- has he been

9     arraigned?

10          MS. TEKEEI:  No, your Honor.

11          THE COURT:  You can remain seated.

12          MS. TEKEEI:  Thank you, Your Honor.

13          THE COURT:  None of you have to stand.

14          You'll have to help me again with your name.

15          Is it Oliwenstein?

16          MR. OLIWENSTEIN:  It's Oliwenstein, your Honor.

17          THE COURT:  Okay.  I'll see if I can try and do that.

18          Mr. Oliwenstein, have you received a copy of the

19     information?

20          MR. OLIWENSTEIN:  We have, your Honor.

21          THE COURT:  Have you reviewed it with your client?

22          MR. OLIWENSTEIN:  Yes, we have, your Honor.

23          THE COURT:  Do you wish a public reading?

24          MR. OLIWENSTEIN:  No, your Honor.

25          THE COURT:  Very well.  My understanding is that your

1   client wishes to waive indictment and enter a plea.

2          Is that correct?

3          MR. OLIWENSTEIN:  That's correct, your Honor.

4          THE COURT:  Mr. Wong, your lawyer has advised me that

5   you wish to waive indictment and plead guilty to an

6   information.  I'm happy to do that with you this afternoon.

7          But before I do that, I need to ask you a series of

8   questions, and I'm trying to determine very generally a couple

9   of things.  I'm trying to determine whether you understand your

10  right to be indicted by a grand jury.

11         And beyond that, I'm trying to determine whether you

12  understand what is going on here today and the consequences of

13  entering a plea of guilty.  And I'm also trying to determine

14  whether you are in fact guilty of the crime to which you wish

15  to plead guilty.

16         And in order to do that, I need to ask you a series of

17  questions.  It is vitally important that you be truthful.  So

18  I'm going to place you under oath.

19         Okay?

20         THE DEFENDANT:  Yes, your Honor.

21         (Defendant sworn)

22         THE COURT:  Sir, you may be seated.

23         You don't have to stand either.  So you can all remain

24  seated throughout the course of this proceeding.  Just please,

25  if you're speaking, have a microphone close to you and speak

1    directly into the microphone.

2           Mr. Wong, you are now under oath.

3           Do you understand that if you answer any of my

4    questions falsely, your answers could be used against you in a

5    prosecution for perjury or for making a false statement?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  So I'm going to start.  As I indicated,

8    I'm going to ask you a series of questions.  If I ask you a

9    question and you don't understand it, just let me know that,

10   and I'll give you an opportunity to speak with your attorney.

11   Or if I ask you a question and you wish to speak with your

12   attorney before answering it, just let me know that, and I'll

13   give you that opportunity.

14          Okay?

15          THE DEFENDANT:  Okay, your Honor.

16          THE COURT:  I'm going to start with some background

17   questions.

18          What is your full name?

19          THE DEFENDANT:  Brian Chung Wong, your Honor.

20          THE COURT:  How old are you.

21          THE DEFENDANT:  I am 44 years old, your Honor.

22          THE COURT:  How far did you get in school?

23          THE DEFENDANT:  Tenth grade, and then I took the GED,

24   your Honor.

25          THE COURT:  Are you able to read and write in English?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Are you now or have you recently been

3   under the care of a doctor or psychiatrist?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Have you ever been treated or hospitalized

6   for any mental illness or any type of addiction, including drug

7   or alcohol addiction?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  In the past 24 hours, have you taken any

10  drugs, medicine, or pills, or have you consumed any alcohol?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  Is your mind clear today?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Sir, are you feeling well enough to

15  proceed and to understand what is going on here today?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Your attorney has informed me that you

18  wish to waive indictment and enter a plea of guilty.

19         Is that correct?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Have you had a full opportunity to discuss

22  your case with your attorney, including any possible defenses

23  that you might have?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Sir, are you satisfied with your attorney

1   and his representation of you?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Have you had a full opportunity to discuss

4   with him the consequences of entering a plea of guilty?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Does either counsel have any doubt as to

7   Mr. Wong's competence to waive indictment and enter a

8   guilty plea at this time?

9              Ms. Tekeei?

10             MS. TEKEEI:  No, your Honor.

11             THE COURT:  Mr. Oliwenstein?

12             MR. OLIWENSTEIN:  No, your Honor.

13             THE COURT:  Very well.  On the basis of Mr. Wong's

14  responses to my questions and my observations of his demeanor,

15  I find that he is if fully competent to waive indictment and

16  enter an informed guilty plea at this time.

17             So let's deal with the waiver of indictment.

18             Mr. Wong, have you received a copy of the superseding

19  information?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Have you discussed it with your attorney?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you understand that that document is

24  called a "superseding information"?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  And a felony information.

2          Do you understand that?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And do you understand that this

5    information was issued by the United States Attorney in this

6    district?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And, Mr. Wong, do you understand that

9    because the charges against you are serious -- indeed, they are

10   felonies -- you have a constitutional right to require the

11   government to present evidence to a grand jury to see whether

12   the grand jury would vote to charge you with that offense?

13         Do you understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  And, sir, do you understand that a grand

16   jury is a group made up of at least 16 but not more than 23

17   citizens and that at least 12 of them were apt to believe there

18   was probable cause to believe that a crime was committed and

19   that you committed it before you could be indicted?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  And, sir, if the grand jury voted to

22   charge you, the document they issued would be called an

23   indictment.  And it would be signed both by the U.S. attorney

24   and foreperson of the grand jury.

25         Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And, Mr. Wong, do you wish to give up your

3   right to have your case presented to the grand jury?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Did you discuss that decision thoroughly

6   with your lawyer?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Now, I've been provided with a form.  It's

9   known as a waiver of indictment form.  Let me hold it up.

10         Are you able to see it from where you're seated?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Is that your signature on this form?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  And when you signed it, did you sign it

15  voluntarily?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Before you signed it, did you discuss it

18  with your attorney?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Very well.  This document will be marked

21  as Court Exhibit Number 1.

22         And when you signed it, Mr. Wong, did you understand

23  that you were acknowledging your willingness to give up your

24  right to be indicted by the grand jury?

25         THE DEFENDANT:  Yes, your Honor.

1              THE COURT:  Did anyone threaten you or force you to

2      give up that right?

3              THE DEFENDANT:  No, your Honor.

4              THE COURT:  Very well.  I find that Mr. Wong has

5      knowingly and voluntarily waived his right to be indicted by a

6      grand jury, and the information will be accepted for filing.

7              Mr. Oliwenstein, do you want me to read the

8      superseding information?

9              MR. OLIWENSTEIN:  No, your Honor.

10              THE COURT:  Mr. Wong, do you understand that you are

11      charged in this superseding information with conspiracy to

12      commit securities fraud and tender offer fraud?

13              THE DEFENDANT:  Yes, your Honor.

14              THE COURT:  Ms. Tekeei, what are the elements of that

15      offense?

16              MS. TEKEEI:  Thank you, your Honor.

17              In order to prove that the defendant is guilty of

18      being an accessory after the fact as charged in Count One of

19      the superseding information, the government must establish each

20      of the following elements beyond a reasonable doubt:

21              First, that the crime of conspiracy to commit

22      securities fraud and tender offer fraud, as charged in Count

23      One of the indictment captioned United States v. Markin and

24      Wong, 22 Cr. 395 (ER), was committed by Brandon Wong.

25              Second, that the defendant had knowledge of the

1  commission of that crime and Brandon Wong's participation in

2  it; and

3          Third, that with such knowledge, the defendant in some

4  way assisted Brandon Wong with the specific purpose or plan to

5  hinder or prevent Brandon Wong's apprehension, trial, or

6  punishment.

7          THE COURT:  Thank you.

8          Mr. Wong, did you hear what the prosecutor said?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Sir, do you understand that if you did not

11 plead guilty to the count in the superseding information, the

12 government would have to prove each and every element of that

13 charge beyond a reasonable doubt at trial?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  And, sir, have you discussed with your

16 attorneys the possible punishment that you face as a result of

17 that charge?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  So do you understand that that charge

20 carries a maximum term of imprisonment of 2 1/2 years?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you also understand that that count

23 carries a maximum term of supervised release of one year?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  And that, in addition, there are financial

1  penalties, including a $100 special assessment, that I must

2  impose and a fine that I could impose that can be the greater

3  of either $125,000 or the gross gain from the offense or the

4  gross loss to any victims of the offense?

5          Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Now, I used a term "supervised release."

8          Mr. Wong, do you understand that "supervised release"

9  means that you will be subject to monitoring and supervision,

10 when you are released from prison, if you are sentenced to a

11 prison term?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  And there are terms and conditions of

14 supervised release with which you must comply.  And if you do

15 not comply with them, you could be returned to prison without a

16 jury trial.

17         Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Sir, do you also understand that if you

20 violate the terms or conditions of supervised release and are

21 returned to prison, that new prison term could be for part or

22 all of the term of supervised release and that you will not get

23 credit for time previously served in prison or for time

24 previously served on a violation of supervised release?

25         THE DEFENDANT:  Yes, your Honor.

1              THE COURT:  Do you also understand that as part of

2      your sentence, I can also order restitution to any person

3      injured as a result of your conduct?

4              Do you understand that.

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Mr. Wong, do you further understand that

7      if I accept your guilty plea and find you guilty, that

8      determination may deprive you of certain valuable civil rights

9      such as the right to vote, the right to hold public office, the

10     right to serve on a jury, the right to possess any kind of

11     firearm, and the right to hold certain professional licenses?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  The next series of questions that we need

14     to discuss involve the rights that you're giving up by pleading

15     guilty, including your constitutional rights.  So, again,

16     please listen very carefully.

17             First, you have the right to be represented by an

18     attorney at trial and at every other stage of the proceeding.

19     If you could not afford an attorney, an attorney would be

20     appointed to represent you without cost to you.

21             Do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  You have a right to a speedy and public

24     trial by a jury on the charges against you which are contained

25     in the information.

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  At trial, you would be presumed innocent,

4    and the government would be required to prove you guilty by

5    competent evidence beyond a reasonable doubt before you could

6    be found guilty.  You would not have to prove that you were

7    innocent at trial.

8          Do you understand?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  If there were a jury trial, the jury would

11   be composed of 12 people selected from this district, and all

12   12 would have to agree unanimously that you are guilty before

13   you could be found guilty.

14         Do you understand?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  At trial, would you have the right to see

17   and hear all of the witnesses against you, and your attorney

18   could cross-examine them.

19         Your attorney could object to the government's

20   evidence and offer evidence on your behalf.  You would also

21   have the right to have subpoenas issued to compel witnesses to

22   come to court to testify in your defense.

23         Do you understand?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  At any trial, you would have the right to

1  testify if you wanted to.  But no one could force you to

2  testify.  And if you chose not to testify, the jury would be

3  told that it could not hold that against you.

4         Do you understand that?

5         THE DEFENDANT:  Yes, your Honor.

6         THE COURT:  If you were convicted at trial, you would

7  have the right to appeal that verdict.

8         Do you understand?

9         THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  And, sir, do you also understand that by

11 entering a plea of guilty here today, you are giving up all of

12 the rights that I have just described, except for your right to

13 counsel, and you will be found guilty based just on your plea

14 of guilty?

15        THE DEFENDANT:  Yes, your Honor.

16        THE COURT:  And, Mr. Wong, do you understand that you

17 can change your mind right now for any reason and decide that

18 you do not want to enter a plea of guilty?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  Mr. Wong, are you a United States citizen?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Now, the next series of questions that we

23 need to go over involve the sentencing guidelines.  So let me

24 begin by asking you:

25        Do you understand that there are sentencing guidelines

1   that I must consider in determining the appropriate sentence in

2   your case?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Have you spoken with your attorneys about

5   how the guidelines apply to your case?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Sir, do you understand that I have to

8   calculate the applicable guidelines range and then consider

9   that range in determining what your sentence will be?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  And do you also understand that I will not

12  be able to make that determination until after a presentence

13  report has been completed by the U.S. Probation Office and both

14  you and your attorneys and the government have had a chance to

15  review and challenge any aspect of that draft report?

16          Do you understand?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  And do you further understand that even

19  after I receive the final report and calculate the applicable

20  guidelines range, I have the ability to impose a sentence that

21  can be higher or lower than what the guidelines recommend?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Sir, do you also understand that in

24  addition to determining the applicable guidelines range in

25  fashioning the appropriate sentence, I also have to consider a

1    number of factors set forth in a law known as Title 18 of the

2    United States Code, Section 3553(a), which requires me to

3    consider a number of factors, including your history and

4    characteristics and the nature of the offense that you're

5    pleading guilty to in determining the appropriate sentence in

6    your case?

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  So even after I determine the applicable

10   guidelines range, I also must consider these other factors and,

11   again, might settle on a sentence that is higher or lower than

12   what the guidelines recommend.

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Sir, do you understand that if your

15   attorney or anyone else has attempted to estimate or predict

16   what your sentence will be, their estimate or prediction could

17   be wrong?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Sir, while it is perfectly appropriate for

20   you and your attorneys to have discussed how the sentence will

21   be calculated, no one can give you any assurance of what your

22   sentence will be.

23             Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  And I say all this to you, Mr. Wong,

1   because you need to understand today that if your sentence is

2   different from what your attorney or anyone else told you that

3   it might be or if it's different from what you expect or if

4   it's different from what is contained in your agreement with

5   the government, you will still be bound by your guilty plea,

6   and you will not be allowed to withdraw your guilty plea.

7            Do you understand that?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  Sir, do you understand that if you are

10  sentenced to prison, there is no parole in the federal system

11  and you will not be released early on parole?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Now, the next series of questions that we

14  need to go over involve your agreement with the government.

15           I have a letter dated November 8, 2022.  It's

16  addressed to your attorney.  It's a six-page letter.  There are

17  a series of signatures on page 6, including one that purports

18  to be yours.

19           Let me hold this up.

20           Can you see that from where you are seated?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Is that your signature on page 6?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Very well.  This document will be marked

25  as Court Exhibit Number 2.

1      Mr. Wong, did you read this letter before you signed

2  it?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Did you discuss it with your attorney

5  before you signed it?

6           THE DEFENDANT:  Yes, your Honor.

7           THE COURT:  Did you fully understand the letter when

8  you signed it?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Does this letter include your

11 understanding of the entire agreement between you and the

12 government?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Mr. Wong, is there any other agreement or

15 any other promise about your plea or your sentence that is not

16 contained in this letter?

17          THE DEFENDANT:  No, your Honor.

18          THE COURT:  Did anyone threaten you or force you to

19 enter into this agreement?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Other that what is in this agreement, has

22 anyone promised you anything or offered you anything to plead

23 guilty or to enter into the agreement?

24          THE DEFENDANT:  No, your honor.

25          THE COURT:  Has anyone made a promise to you as to

1    what your sentence will be?

2                 THE DEFENDANT:  No, your Honor.

3                 THE COURT:  Now, Mr. Wong, there is an estimate -- do

4    you understand that there is a stipulation in the agreement

5    regarding the sentencing guidelines which is referred to as the

6    "stipulated guidelines range"?

7                 Do you understand that that stipulation or agreement

8    binds you and it binds the government, but it does not bind me

9    and that I'm still going to make my own determination as to

10   what the applicable guidelines range is?

11                THE DEFENDANT:  Yes, your Honor.

12                THE COURT:  And, sir, do you understand that

13   understand certain circumstances, you would have the right to

14   appeal any sentence that I impose?

15                Do you understand that?

16                THE DEFENDANT:  Yes, your Honor.

17                THE COURT:  However, there is an agreement in the

18   letter that says if I sentence you within or below the

19   stipulated guidelines range, you are essentially giving up your

20   right to appeal the sentence.

21                Do you understand that?

22                THE DEFENDANT:  Yes, your Honor.

23                THE COURT:  Ms. Tekeei, would you please summarize

24   what the government would be prepared to prove if this case

25   were to proceed to trial.

1          MS. TEKEEI:  Thank you, your Honor.

2          The government's proof at trial would include the

3     following:

4          Documentary evidence such as financial records

5     regarding purchases and sales of Pandion shares by Defendants

6     Seth Markin, Brandon Wong, and others; electronic evidence

7     including cell phone communications between Brandon Wong and

8     Seth Markin regarding trading in Pandion and between the

9     defendant and Brandon Wong regarding trading in Pandion;

10    electronic evidence, including images of the defendant's

11    electronic devices showing deleted communications between the

12    defendant and Brandon Wong regarding the securities trades;

13    testimony from FBI agents about the defendant's false

14    statements regarding his trades in Pandion; and conversations

15    with his brother about Pandion during a noncustodial interview

16    with the FBI; and testimony from FBI agents that the defendant

17    made false statements regarding his trades in Pandion in

18    conversations with his brother during proffer sessions here in

19    the Southern District of New York which also provide a basis

20    for venue in this district which must be proven by a

21    preponderance of the evidence.

22          THE COURT:  Thank you, Ms. Tekeei.

23          Mr. Wong, did you hear what the prosecutor said?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And, sir, have you clearly understood

1   everything that has happened here today so far?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Mr. Wong, will you please now tell me in

4   your own words what it was that you did that you believe makes

5   you guilty of the crime alleged in the superseding information.

6          THE DEFENDANT:  Yes, your Honor.  Between

7   approximately February 2021 and September 2022, knowing that a

8   crime against the United States had been committed, I deleted

9   text messages related to securities trades made by my brother,

10  Brandon Wong, who lives and received those text messages in

11  Manhattan, and made statements to law enforcement which I knew

12  were false or misleading related to those securities trades

13  made by Brandon Wong while he was physically present in

14  Manhattan, and knew that these actions would help my brother

15  avoid getting caught and punished for the crimes he committed.

16         I took these actions for the purpose of helping my

17  brother.  I understand that these actions tended to hinder my

18  brother's apprehension, trial, and punishment were wrong.  And

19  I apologize for them.

20         THE COURT:  Mr. Wong, when you committed these acts,

21  did anyone threaten you or force you to do them?

22         THE DEFENDANT:  No, your Honor.

23         THE COURT:  Does either counsel wish me to make any

24  further inquiries?

25         Ms. Tekeei?

1          MS. TEKEEI:  Your Honor, with apologies if I missed

2     it.

3          Did the Court inquire of Mr. Wong whether anybody

4     forced or threatened him into entering into the plea agreement

5     or entering into this plea today?

6          THE COURT:  I did ask him that.  I believe I did.

7          Mr. Oliwenstein, do you want to confirm.

8          MR. OLIWENSTEIN:  I believe you did, your Honor.

9          THE COURT:  Anything else?

10         MS. TEKEEI:  Your Honor, we also request that the

11    Court ask Mr. Wong to admit to the forfeiture allegation which

12    is in the information and is also stipulated to in the plea

13    agreement.

14         THE COURT:  Very well.  Mr. Wong do you admit to the

15    forfeiture allegation in the information?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Anything more from you, Mr. Oliwenstein?

18         MR. OLIWENSTEIN:  No.  Nothing, your Honor.

19         THE COURT:  Mr. Oliwenstein, do you know of any reason

20    why your client should not be permitted to plead guilty?

21         MR. OLIWENSTEIN:  I don't, your Honor.

22         THE COURT:  And do you believe that there is an

23    adequate factual basis to support the plea of guilty?

24         MR. OLIWENSTEIN:  I do, your Honor.

25         THE COURT:  Ms. Tekeei, do you believe that there is

1    an adequate factual basis to support the plea of guilty?

2           MS. TEKEEI:  Yes, your Honor.

3           THE COURT:  Mr. Wong, how do now plead to the charge

4    in the superseding information?

5           Guilty or not guilty?

6           THE DEFENDANT:  Guilty, your Honor.

7           THE COURT:  Are you in fact guilty of that charge?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Are you pleading guilty voluntarily and of

10   your own free will?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Very well, Mr. Wong.  Because you

13   acknowledge that you are in fact guilty as charged in Count One

14   of the superseding information, because I find that you know

15   your rights and are waiving them knowingly and voluntarily with

16   an understanding of the consequences of your plea, including

17   the potential sentence that may be imposed, I accept your

18   guilty plea and find you guilty on Count One.

19          I will direct that a presentence report be prepared by

20   the U.S. Probation Office.  You will be interviewed by

21   probation as part of that process.  You can and should have

22   your lawyer with you during that interview.

23          It is also entirely possible that the probation

24   department will want to interview members of your family with

25   whom you live.  So you should let them know that.

1          The presentence report is a very important part in my

2     decision as to what your sentence will be.  Both you and your

3     attorney will have the opportunity to speak on your behalf

4     before I impose a sentence.

5          Do we have a date for sentencing?

6          THE DEPUTY CLERK:  February 16 at 11:00 a.m.

7          THE COURT:  Should we discuss bail?

8          MS. TEKEEI:  Yes, your Honor.

9          THE COURT:  I understand that there's an agreement.

10         MS. TEKEEI:  Yes, your Honor.  There's a proposal for

11    the Court to consider.

12         THE COURT:  Very well.

13         MS. TEKEEI:  Your Honor, the parties have discussed in

14    advance of the proceeding, and we propose the following bail

15    conditions for Mr. Wong:

16         A $250,000 personal recognizance bond; pretrial

17    services supervision as directed; the surrender of all travel

18    documents and no new applications, including a Hong Kong ID

19    travel restricted to the Southern District of New York, the

20    Eastern District of New York, the District of New Jersey, and

21    the Eastern District of Pennsylvania; to seek and maintain

22    verifiable employment; and no contact with codefendants or

23    witnesses, with the exception of immediate family, unless in

24    the presence of counsel.

25         THE COURT:  Mr. Oliwenstein?

1          MR. OLIWENSTEIN:  Your Honor, that accurately reflects

2   our agreement.

3          If I may just very briefly address one point in the

4   pretrial services recommendation.  There was a recommendation

5   that the recognizance bond be cosigned by one financially

6   responsible person.  We don't think that that's necessary or

7   appropriate here.

8          This guilty plea today is the product of several

9   months' worth of negotiations with the government.  Mr. Wong

10  has not attempted to go anywhere.  He pled guilty today.  He

11  has extensive ties to the community.  He lives with his wife

12  and daughter in New Jersey.  He takes care of his elderly

13  parents in Manhattan.

14         Mr. Wong is a U.S. citizen, and he's been here since

15  1986.  We think that the package as proposed by the government

16  is more than sufficient to assure his appearance.

17         THE COURT:  I understood the government to agree with

18  that.  So a cosigner will not be necessary, and the bail

19  conditions will be set as agreed to by the parties.

20         Is there anything else that we should do today?

21  Ms. Tekeei?

22         MS. TEKEEI:  Not on behalf of the government, your

23  Honor.  Thank you.

24         THE COURT:  There is something else that I need to do

25  that's concerning Federal Rule of Criminal Procedure Rule 5(f).

1   And I state the following into the record:

2           I direct the prosecution to comply with its

3   obligations under *Brady v. Maryland* and its progeny to disclose

4   to the defense all information, whether admissible or not, that

5   is favorable to the defendant, material either to guilt or to

6   punishment, and known to the prosecution.

7           Possible consequences for noncompliance may include

8   dismissal of individual charges or the entire case, exclusion

9   of evidence, and professional discipline or court sanctions on

10  the attorneys responsible.

11          I will be entering a written order more fully

12  describing this obligation and the possible consequences of

13  feeling to meet it.  And I direct the prosecution to review and

14  comply with that order.

15          Ms. Tekeei, do you confirm that you understand your

16  obligations and will fulfill them?

17          MS. TEKEEI:  Yes, your Honor.

18          THE COURT:  Anything more from you, Mr. Oliwenstein?

19          MR. OLIWENSTEIN:  No, your Honor.  Thank you, your

20  Honor.

21          THE COURT:  Very well.  We are adjourned and off the

22  record.

23          (Adjourned)

24

25