Nra2WonP kjc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

            v.                               22 Cr. 395 (ER)

BRANDON WONG,

                Defendant.

------------------------------x              Plea

                                             April 10, 2023
                                             11:05 a.m.


Before:

                    HON. EDGARDO RAMOS,

                                             District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  NICOLAS T. ROOS
     Assistant United States Attorney


KRIEGER KIM & LEWIN, LLP
     Attorneys for Defendant
BY:  ANDREW N. STAHL
     EDWARD Y.K. KIM

Nra2WonP kjc

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your name

3   for the record.

4          MR. ROOS:  Good morning.  Nick Roos for the U.S.

5          THE COURT:  Good morning.

6          MR. STAHL:  Good morning, your Honor.  Andrew Stahl on

7   behalf of Mr. Wong.

8          MR. KIM:  And, your Honor, Edward Kim for Mr. Wong, as

9   well.

10         THE COURT:  Good morning to you all.

11         Mr. Roos, what are we doing today?

12         MR. ROOS:  Your Honor, I believe we are here for a

13  change of plea for Mr. Wong.

14         THE COURT:  Mr. Stahl?

15         MR. STAHL:  Yes, your Honor.  That's correct.

16         THE COURT:  Very well.  Mr. Wong, your attorney has

17  advised me that you wish to enter a plea of guilty.  I am

18  happy to take your plea.  However, before I do that, I need to

19  ask you a series of questions, and basically I am trying to

20  make two large determinations.

21         In the first instance, I am trying to determine

22  whether you understand what is going on here today and the

23  consequences of pleading guilty; and then, in the second

24  place, I am trying to determine whether you are in fact guilty

25  to the crime to which you wish to plead guilty.

1          In order to make those determinations, I have to ask

2    you a series of questions.  It's vitally important that you be

3    absolutely truthful, so I am going to have you placed under

4    oath.  Okay?

5              THE DEFENDANT:  Yes, your Honor.

6              THE DEPUTY CLERK:  Please stand and raise your right

7    hand.

8          You do solemnly swear that the testimony you shall

9    give this Court shall be the truth, the whole truth, and

10   nothing but the truth, so help you God.

11             THE DEFENDANT:  I do, yes.

12             THE COURT:  Sir, you may be seated and from this

13   point forward no one has to stand.  You can remain seated.

14   Just speak directly into the microphone when you do speak.

15         Mr. Wong, you are now under oath, and do you

16   understand that if you answer any of my questions falsely,

17   your answers could be used against you in a prosecution for

18   perjury or for making a false statement?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  As I indicated, I am going to ask you a

21   series of questions.  If I ask you a question and you don't

22   understand it, just let me know that and I will rephrase it.

23   Or if I ask you a question and you wish to speak with your

24   attorneys before you answer, let me know that and I will

25   accommodate you.  Okay?

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  So we are going to start with some

3 background questions.

4    Sir, what is your full name?

5    THE DEFENDANT:  It's Brandon Chun Wong.

6    THE COURT:  And how old are you?

7    THE DEFENDANT:  39.

8    THE COURT:  How far did you get in school?

9    THE DEFENDANT:  I went to college, but I didn't

10 complete it.

11    THE COURT:  Are you able to read and write in

12 English?

13    THE DEFENDANT:  Yes.

14    THE COURT:  Are you now or have you recently been

15 under the care of a doctor or a psychiatrist?

16    THE DEFENDANT:  No, your Honor.

17    THE COURT:  Have you ever been hospitalized or

18 treated for any mental illness or any type of addiction,

19 including drug or alcohol addiction?

20    THE DEFENDANT:  No, your Honor.

21    THE COURT:  In the past 24 hours, have you taken any

22 drugs, medicine, or pills, or have you consumed any alcohol?

23    THE DEFENDANT:  No, your Honor.

24    THE COURT:  Is your mind clear today?

25    THE DEFENDANT:  Yes, it is, your Honor.

1    THE COURT:  And, Mr. Wong, are you feeling well

2 enough to proceed and to understand what is going on here

3 today?

4    THE DEFENDANT:  Yes, your Honor.

5    THE COURT:  Your attorneys have informed me that you

6 wish to enter a plea of guilty.  Is that correct?

7    THE DEFENDANT:  Yes, your Honor.

8    THE COURT:  And Mr. Wong, have you had a full

9 opportunity to discuss your case with your attorneys,

10 including any possible defenses that you might have?

11    THE DEFENDANT:  Yes, your Honor.

12    THE COURT:  And have you had a full opportunity to

13 discuss with them the consequences of entering a plea of

14 guilty?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  Are you satisfied with your attorneys and

17 their representation of you?

18    THE DEFENDANT:  Yes, your Honor.

19    THE COURT:  Does either counsel have any doubt as to

20 Mr. Wong's competence to enter a guilty plea at this time?

21    Mr. Roos.

22    MR. ROOS:  No, your Honor.

23    THE COURT:  Mr. Stahl.

24    MR. STAHL:  No, your Honor.

25    THE COURT:  Very well.  On the basis of Mr. Wong's

1    responses to my questions and my observations of his demeanor,

2    I find that he is fully competent to enter an informed guilty

3    plea at this time.

4            So the next series of questions that we need to go

5    over involve the rights that you are giving up by pleading

6    guilty, including constitutional rights, so please listen very

7    carefully.

8            First, you have a right to be represented by an

9    attorney at trial and at every other stage of the proceeding.

10   If you could not afford an attorney, an attorney would be

11   appointed to represent you without cost to you.

12           Do you understand that?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  You have a right to a speedy and public

15   trial by a jury on the charges against you which are contained

16   in the indictment.

17           Do you understand?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  At trial, you would be presumed innocent

20   and the government would be required to prove you guilty by

21   competent evidence beyond a reasonable doubt before you could

22   be found guilty.  You would not have to prove that you were

23   innocent at trial.

24           Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.

Nra2WonP kjc

1          THE COURT:  If there were a jury trial, the jury

2     would be composed of 12 people selected from this district,

3     and all 12 would have to agree unanimously that you were

4     guilty before you could be found guilty.

5          Do you understand?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  At trial, you would have a right to see

8     and hear all of the witnesses against you and your attorney

9     could cross-examine them.  Your attorney could object to the

10    government's evidence and offer evidence on your behalf.  You

11    would also have the right to have subpoenas issued to compel

12    witnesses to come to court to testify in your defense.

13         Do you understand that?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  At trial, you would have the right to

16    testify if you wanted to, but no one could force you to

17    testify.  And if you chose not to testify, the jury would be

18    told that it could not hold that against you.

19         Do you understand?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  If you were convicted at trial, you would

22    have the right to appeal that verdict.

23         Do you understand?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  And, sir, do you also understand that by

1    entering a plea of guilty here today you are giving up all of

2    the rights that I have just described except for your right to

3    counsel and you will be found guilty based solely on your plea

4    of guilty?

5            Do you understand?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  And Mr. Wong, do you understand that you

8    can change your mind right now for any reason and decide that

9    you did not wish to enter a plea of guilty?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Sir, have you received a copy of the

12   indictment?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  And have you read the indictment?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  And did you discuss the indictment with

17   your attorney?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  And do you understand that you are

20   charged in Count Eight of that indictment with securities

21   fraud in violation of Title 15 of the United States Code

22   Section 78j(b) and 78ff and Title 17 of the Code of Federal

23   Regulations Section 240.10b-5 and 240.10b5-1 and 10b5-2 and

24   Title 18 of the United States Code Section 2.

25           Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Mr. Roos, what are the elements of that

3     charge?

4          MR. ROOS:  Yes, your Honor.

5          There are three elements with some subcomponents:

6          First, that in connection with the purchase or sale

7     of securities, the defendant did any one or more of the

8     following things—first employed a device, scheme, or artifice

9     to defraud or made an untrue statement of material fact or

10    omitted to state a material fact that under the circumstances

11    was misleading or engaged in an act, practice, or course of

12    business that operated or would operate as a fraud or deceit

13    upon a purchaser or seller.  For purposes of this element,

14    that is, the first element, a device, scheme, or artifice to

15    defraud includes insider trading.  And for purposes of insider

16    trading, the law prohibits a person who is not an insider from

17    trading in securities based on material nonpublic information

18    if the person knows the material nonpublic information was

19    intended to be kept confidential and was disclosed in

20    violation of a duty of trust or conference.  On that score,

21    the government must prove, one, that the insider owed a duty

22    of trust and confidence; second, that the insider violated the

23    duty of trust and confidence by disclosing material nonpublic

24    information --

25          THE COURT:  Slow down just a bit, Mr. Roos.

1             MR. ROOS:  My apologies, your Honor.

2             Two, that the insider violated the duty of trust and

3    confidence by disclosing material nonpublic information to the

4    defendant; three, that the insider anticipated that the

5    defendant would use the material nonpublic information to

6    trade securities or to cause others to trade securities that

7    the defendant did in fact trade or cause others to trade; four,

8    that the insider, in providing this information to the

9    defendant, anticipated receiving a personal benefit of some

10   kind in return; and, finally, five, that the defendant knew

11   that the insider disclosed the information in breach of a duty

12   of trust and confidence and in anticipation of personal

13   benefit.

14             The second element of securities fraud is that the

15   defendant acted knowingly, willfully, and with intent to

16   defraud.

17             And the third element is that, in furtherance of the

18   fraudulent conduct, there occurred at least one use of any

19   means of instrument of transportation or communication in

20   interstate commerce or the use of the mails or the use of any

21   facility or of any national securities exchange.

22             Finally, the government would have to satisfy venue

23   by a preponderance.

24             THE COURT:  Thank you, Mr. Roos.

25             Mr. Wong, did you hear what the prosecutor said?

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  And, sir, do you understand that if you

3   did not plead guilty to Count Eight, the government would have

4   to prove each and every element of that charge beyond a

5   reasonable doubt at trial?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  And Mr. Wong, have you spoken with your

8   lawyers about the possible punishment that you face if you

9   were to plead guilty to this charge?

10        THE DEFENDANT:  Yes, your Honor.

11        THE COURT:  Sir, do you understand that this charge

12   carries a maximum term of imprisonment of 20 years?

13        THE DEFENDANT:  Yes, your Honor.

14        THE COURT:  And a maximum term of supervised release

15   of three years?

16        THE DEFENDANT:  Yes, your Honor.

17        THE COURT:  And, in addition, there are financial

18   penalties, including a $100 special assessment that I must

19   impose, and a fine that I could impose that can be the higher

20   of either $5 million or twice the gross gain from the offense

21   or twice the gross loss to any victim of the offense.

22        Do you understand that?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  I mentioned the term "supervised

25   release."  Do you understand that supervised release means

1    that you will be subject to monitoring and supervision when

2    you are released prison if I sentence you to a prison term?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  And that there are terms and conditions

5    of supervised release with which you must comply, and if you

6    do not comply with them, you could be returned to prison

7    without a jury trial?

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Do you also understand that if you

11    violate the terms or conditions of supervised release and are

12    returned to prison, that new prison term could be for part or

13    all of the term of supervised release and that you will not

14    receive credit for time previously served in prison on your

15    sentence or for time previously served in prison on a

16    violation of supervised release?

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Sir, do you also understand that, as part

20    of your sentence, I can also order you to pay restitution to

21    any person injured as a result of your conduct?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And Mr. Wong, do you further understand

24    that if I accept your guilty plea, that determination may

25    deprive you of valuable civil rights, such as, the right to

1  vote, the right to hold public office, the right to serve on a

2  jury, the right to possess any kind of firearm, and the right

3  to hold certain professional licenses?

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Mr. Wong, are you a U.S. citizen?

7          THE DEFENDANT:  Yes, I am, your Honor.

8          THE COURT:  The next series of questions that we need

9  to go over concern the sentencing guidelines.  So let me begin

10 by asking you, do you understand that there are sentencing

11 guidelines that I must consider in determining the appropriate

12 sentence in your case?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  And have you spoken with your lawyers

15 about how the guidelines apply to your case?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  And sir, do you understand that I have to

18 calculate the applicable guidelines range and then consider

19 that range in determining what your sentence will be?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you also understand that I will not be

22 able to make that calculation until after a presentence report

23 has been completed by the probation office and both you and

24 your lawyers and the government have had a chance to review a

25 draft of that report?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you further understand that after I

3     receive the final copy of that report and calculate the

4     guidelines range, I have the ability to impose a sentence that

5     can be higher or lower than what the guidelines recommend?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  And, sir, do you also understand that, in

8     addition to determining the applicable guidelines range, I

9     also have to take into consideration a number of factors that

10    are set forth in the law known as Title 18 of the United

11    States Code Section 3553(a) which require me to consider,

12    among other things, the nature of the offense and your history

13    and characteristics in determining the appropriate sentence?

14          Do you understand that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  And so even after I calculate the

17    applicable guidelines range, I must consider these other

18    factors and, again, might settle on a sentence higher or lower

19    than what the guidelines recommend.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Sir, do you understand that if your

23    attorneys or anyone else has attempted to estimate or predict

24    what your sentence will be, their estimate or prediction could

25    be wrong?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  And while it is perfectly appropriate for

3   you and your attorneys to have discussed how the sentence will

4   be calculated, no one can give you any assurance of what your

5   sentence will be.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Mr. Wong, I say all of this to you

9   because you need to understand today that if your sentence is

10  different from what your attorney or anyone else told you it

11  might be or if it is different from what you expect or even if

12  it is different from what is contained in your agreement with

13  the government, you will still be bound by your guilty plea

14  and you will not be allowed to withdraw your guilty plea.

15         Do you understand that?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Mr. Wong, do you understand that if you

18  are sentenced to prison, there is no parole in the federal

19  system and you will not be released early on parole?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  The next thing that we need to discuss

22  involves the plea agreement.  I have been provided with a

23  letter.  It is dated February 25, 2023.  It is a six-page

24  letter, and on page 6 there are a series of signatures,

25  including one that purports to be yours.  Can you see this

Nra2WonP kjc

1   from where you are seated?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Is that your signature on this page?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  This document will be marked as Court

6   Exhibit 1.

7           Mr. Wong, did you read this agreement before you

8   signed it?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Did you discuss it with your attorneys

11  before you signed it?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Did you fully understand the agreement

14  when you signed it?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Does this agreement include your

17  understanding of the entire agreement between you and the

18  government?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Mr. Wong, is there any other agreement or

21  is there any other promise about your plea or your sentence

22  that is not contained in this agreement?

23          THE DEFENDANT:  No, your Honor.

24          THE COURT:  Did anyone threaten you or force you to

25  enter into this agreement?

Nra2WonP kjc

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Other than what is in the agreement, has

3  anyone promised you anything or offered you anything in order

4  to enter a guilty plea?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Has anyone made a promise to you as to

7  what your sentence will be?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Sir, there is a stipulation in the

10  agreement regarding the sentencing guidelines.  It is referred

11  to as the stipulated guidelines range.  Sir, do you understand

12  that that stipulation binds the government and it binds you,

13  but it does not bind me and I am still going to make my own

14  determination as to what I believe the applicable guidelines

15  range is?

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  And there is also a stipulation in the

19  agreement concerning appeals.  Essentially it says that if I

20  sentence you within or below the applicable -- rather, the

21  stipulated guidelines range, you are essentially giving  up

22  your right to appeal the sentence that I impose.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Mr. Roos, would the government please

1  summarize what it would expect to prove if the case were to go

2  to trial.

3          MR. ROOS:  Yes, your Honor.

4          The government would prove that the defendant

5  received material nonpublic information from a friend and he

6  traded on that information knowingly, willfully, and with

7  intent to defraud.  The proof would come in the form of

8  electronic messages and toll records that were -- the

9  electronic messages coming from devices that were seized, it

10  would come in the form of trading records for the stock of

11  Pandion, as well as witness testimony.

12          THE COURT:  What is the government's proffer

13  concerning venue?

14          MR. ROOS:  The trades either -- certain

15  coconspirators were located in Manhattan and/or the trades

16  were executed within Manhattan.

17          THE COURT:  Thank you.

18          Mr. Wong, did you hear what the prosecutor said?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  And, sir, have you clearly understood

21  everything that has happened here today so far?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Mr. Wong, would you please now tell me in

24  your own words what it was that you did that you believe makes

25  you guilty of the crime to which you are pleading guilty.

1    THE DEFENDANT:  In February of 2021, I engaged in a

2    scheme to commit insider trading.  Another individual provided

3    me with information about the planned acquisition of Pandion

4    Therapeutics by Merck & Co.  I knew at the time that it was

5    material nonpublic information that should not have been

6    disclosed to me.

7    I did in fact make timely profitable trades in

8    Pandion stock based on this information.  I executed these

9    trades via an online platform while located in Manhattan.

10    I know what I did was wrong and I deeply regret my

11    actions.  As I stand before you today, I have tremendous

12    remorse and am truly sorry for what I have done.

13    THE COURT:  Did I understand you to say that you

14    personally were in Manhattan when you executed these trades?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  Mr. Wong, when you did these things, did

17    you know that what you were doing was wrong and against the

18    law?

19    THE DEFENDANT:  Yes, your Honor.

20    THE COURT:  Mr. Wong, did anyone threaten you or

21    force you to do those things?

22    THE DEFENDANT:  No, your Honor.

23    THE COURT:  Does either counsel wish me to make any

24    further inquiries?  Mr. Roos?

25    MR. ROOS:  Your Honor, I think government can just

1    proffer that it would establish the duty element by proving

2    that there was a duty of trust and confidence between the

3    tipper who tipped Mr. Wong and the source of the information.

4    And also the government could proffer that it would establish

5    the jurisdictional element through proof of a national

6    exchange.

7              THE COURT:  Mr. Stahl, do you wish me to make any

8    further inquiries?

9              MR. STAHL:  No, your Honor.

10             THE COURT:  Mr. Stahl, do you know of any reason why

11   Mr. Wong should not be permitted to plead guilty?

12             MR. STAHL:  I do not, your Honor.

13             THE COURT:  And Mr. Stahl, do you believe that there

14   is an adequate factual basis to support the plea of guilty?

15             MR. STAHL:  Yes, I do, your Honor.

16             THE COURT:  And Mr. Roos, is there an adequate

17   factual basis to support the plea of guilty?

18             MR. ROOS:  Yes, your Honor.

19             THE COURT:  Mr. Wong, how do you now plead to the

20   charge in Count Eight of the indictment?  Guilty or not

21   guilty.

22             THE DEFENDANT:  Guilty, your Honor.

23             THE COURT:  Are you in fact guilty of that charge?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Are you pleading guilty voluntarily and of

1    your own free will?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  There is a forfeiture allegation in the

4    indictment.  Do you admit to the forfeiture allegation in the

5    indictment?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  The Court -- the record will also reflect

8    that I have been provided with a consent preliminary order of

9    forfeiture/money judgment.  It has been executed by all of the

10   parties.  I will also execute it at this time.  It will be put

11   on the docket.

12             At this point, Mr. Wong, because you acknowledge that

13   you are in fact guilty as charged in Count Eight of the

14   indictment, because I find that you know your rights and are

15   waiving them knowingly and voluntarily with an understanding

16   of the consequences of your plea, including the potential

17   sentences that may be imposed, I accept your guilty plea and

18   find you guilty of Count Eight of the indictment.

19             I will now direct that a presentence investigation be

20   conducted by the probation office and that a report be

21   prepared.

22             Mr. Wong, you will be interviewed by the probation

23   office as part of that process.  You can and should have your

24   attorneys with you when you are interviewed.  But it is also

25   entirely possible that the probation office will want to

Nra2WonP kjc

1   interview members of your family with whom you live.

2          As I indicated previously, you will receive a copy of

3   a draft of that report before I see it.  When you receive the

4   draft, you should review it very carefully with your attorneys

5   and bring to my attention any mistakes or discrepancies that

6   you may find therein.  You and your attorneys will also have

7   the opportunity to speak on your behalf before I impose

8   sentence.

9          Do we have a date for sentence?

10          THE DEPUTY CLERK:  Yes.  July 20, 2023, at 10:30 a.m.

11          THE COURT:  Is there anything further that we should

12   do today, Mr. Roos?

13          MR. ROOS:  No, your Honor.

14          THE COURT:  Mr. Stahl?

15          MR. STAHL:  No, your Honor.

16          THE COURT:  In that event, we are adjourned.  We will

17   see you, in all likelihood, in July or shortly thereafter.  We

18   are adjourned.

19                              oOo

20

21

22

23

24

25