UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

JONATHAN BECKER,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPERSEDING INFORMATION

S2 22 Cr. 395 (ER)

## COUNT ONE
### (Securities Fraud)

The United States Attorney Charges:

1. In early 2021, SETH MARKIN and BRANDON WONG, the defendants in an Indictment captioned *United States v. Markin*, 22 Cr. 395 (ER), together made more than $1.4 million dollars in illegal profits by trading in stock based on inside information that MARKIN stole from his then-girlfriend, who was at the time an attorney at a major law firm in Washington D.C. (the "Law Firm Associate"). In February 2021, MARKIN secretly looked through the Law Firm Associate's confidential work documents, without her permission, and learned that, in a matter of weeks, Merck & Co. ("Merck"), a publicly traded pharmaceutical company, was going to acquire Pandion Therapeutics ("Pandion"), a publicly traded biotechnology company, for approximately three times the value of Pandion's share price.

2. In or about February 2021, SETH MARKIN told his relative, a co-conspirator not charged herein ("CC-1"), to purchase Pandion shares. On or about February 14, 2021, in a series of phone calls and text messages, CC-1 told JONATHAN BECKER, the defendant, to purchase Pandion shares. The same date, BECKER texted a friend ("CC-2"), that "A new opportunity has emerged . . . with insider info." Beginning on or about February 16, 2021, the first day the stock

market was open after BECKER learned about Pandion from CC-1, BECKER began purchasing thousands of shared of Pandion. In addition to CC-2, BECKER also tipped another friend ("CC-3"), and a relative ("CC-4") about Pandion.

3. After Merck's acquisition of Pandion was announced publicly, and the Pandion stockholdings of JONATHAN BECKER, the defendant, significantly increased in value, BECKER sold his shares of Pandion for more than $266,000 in profits.

## Statutory Allegation

4. In or about February 2021, in the Southern District of New York and elsewhere, JONATHAN BECKER, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulation, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, BECKER used material non-public information that MARKIN misappropriated from the Law Firm Associate, knowing of MARKIN's breach of duty, to execute and cause others to execute securities trades in Pandion.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.)

## **FORFEITURE ALLEGATION**

5. As a result of committing the offense charged in Count One of the Superseding Information, JONATHAN BECKER, the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Count One, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

## Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

*Damian Williams /KF*
DAMIAN WILLIAMS
United States Attorney

3